Monserrate V. de Segarra, et al., Plaintiff and Appellants, v. Antonio Vivaldi Pacheco, Defendant and Appellee.

No. 7692. Argued February 2, 1939.—Decided June 21, 1939.

*Mario Báez García,* for appellants. *Oscar Souffront,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

This is an action for damages arising out of a breach of contract. Plaintiff alleged a contract for the purchase and sale of a house and lot in Mayagüez followed by possession until September 19, 1930, when plaintiff moved to San Juan, leaving an agent in Mayagüez. The agent was to pay subsequent installments out of rents and money to be sent to him by plaintiff from San Juan until the remainder of the purchase price should be paid in full. A few days later, defendant, for the purpose of making certain repairs or of building a garage, obtained the key from the agent. From that time defendant repeatedly refused to re-deliver possession to plaintiff, but rented the property to various tenants from whom he collected the rent. Plaintiff, during the time she was in possession, had spent $300 for necessary alterations and repairs. This had been done with defendant's knowledge and consent. Plaintiff had performed all her obligations under the contract and had demanded of defendant the performance of his, which obligations defendant had refused to perform, thereby causing the rescission of the contract. Defendant on being required to indemnify plaintiff, had continuously postponed payment of such indemnity, as well as the return of money paid by plaintiff, and had refused to continue the performance of his obligations until May 14, 1937, when he had resolutely refused to continue the performance of his obligations under the contract and to pay indemnity or to return the payments. Plaintiff in her complaint itemized the damages claimed by her as follows:

| | |
|---|---:|
| Cash payment made by defendant at the time of the contract | $300. 00 |
| Interest thereon to the time of the complaint | 165. 00 |
| 28 monthly payments of $40 each | 1, 120. 00 |
| Interest thereon from the date of the last payment to the filing date of the complaint | 460. 00 |

| | |
|---|---|
| Repairs made on the house by plaintiff | 300. 00 |
| Indemnity as specified in the contract | 5.00. 00 |
| Total | $2, 845. 00 |

The final. averment was that defendant had refused to pay the said amount or any part thereof notwithstanding the demands made upon him on different occasions for such payments.

Defendant demurred on the ground that the action was barred by Section 1868 of the Civil Code (1930 ed.). The district court sustained the demurrer and dismissed the action. The theory of the district judge was that the action was necessarily based on Section 1802 of the Civil Code (1930 ed.) and was therefore barred by Section 1868. The two sections read as follows:

"Section 1802.—A person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done.

"Section 1868.—The following prescribe in one year:

"Actions to recover or retain possession.

"Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in section 1802, from the time the aggrieved person had knowledge thereof."

The complaint was entitled as an action for damages arising out of the breach of a contract of sale or of a promise to sell. Plaintiff alleged a contract and the breach thereof by defendant. The complaint contained none of the usual averments in an action based on Section 1802. The action was what the title proclaimed it to be, namely, an action for damages arising out of a breach of contract, not an action sounding in tort. Defendant's wrongful act in obtaining and retaining possession of the property, although a trespass, was also a breach of the contract. It was set up and relied on as a breach of contract, not as a tort. Appellant may or

may not be mistaken in her reliance on Sections 1024, 1044 and 1340 of the Civil Code (1930 ed.) as the foundation of her action. See: *Moreno* v. *Toral,* 43 P.R.R. 543; *Vivaldi* v. *Quijano,* 43 P.R.R. 778, and *Emanuelli* v. *Cadierno,* 50 P.R.R. 128. She is right in her contention that it is a personal action. Apparently, she is also right in her contention that it is not barred by any statutory period other than that of fifteen years prescribed by Section 1864 of the Civil Code (1930 ed.).

The judgment appealed from must be reversed and the case will be remanded for further proceedings not inconsistent herewith.

Mr. Justice Wolf and Mr. Justice De Jesús dissented.